# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AVERY DENNISON CORPORATION,**
      **Plaintiff,**

**v.**                                                                      **Case No.  8:04-mc-77-T-24MSS**

**FOUR PILLARS ENTERPRISE CO., LTD., et al.**
      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes on for consideration of Plaintiff's Motion for Final Judgment on the Pleadings Against Garnishee (Dkt. 65), Electro Tape Specialties, Inc. ("Electro Tape").

**I.   Background**

1. Plaintiff, in proceedings supplementary, claims that judgment debtor, Four Pillars Enterprise Co., Ltd. ("Four Pillars") continues to conduct its business in the United States through "sham entities," ASA Technology, Ltd. ("ASA") and/or San Tai, & Co., Ltd. ("San Tai"), in order to avoid payment of the judgment entered against it by the United States District Court for the Northern District of Ohio and registered in this Court. (Dkt. 55).

2. Plaintiff filed with the Court a December 6, 2004, Order and Permanent Injunction issued by the District Court for the Northern District of Ohio. (Dkt. 52). The Judgment was registered in this Court and assigned Case No. 8:05-MC-25. The Judgment declares that "Four Pillars' transfers of products to ASA Technology, Ltd. ("ASA") or other intermediary for the purpose of selling those products to customers in the United States were made in bad faith and with the intent to hinder, delay and/or defraud Avery Dennison as a judgment creditor in that Four Pillars intended to prevent Avery Dennison from recovering the amounts that United States customers

would pay for Four Pillars' products in satisfaction of Avery Dennison's judgment against Four Pillars." The Order further states that "sales of Four Pillars' products by ASA or any other intermediary to customers in the United States shall be deemed to be sales directly by Four Pillars and shall be subject to execution by Avery Dennison in accordance with applicable law." (Dkt. 52).

    3.    Accordingly, on or about April 28, 2005, the Court granted Plaintiff's Motion for Writ of Garnishment. (Dkt. 61). The Clerk of the Court issued a Writ of Garnishment to be served on Electro Tape requesting that Electro Tape file an answer stating whether it was indebted to the Judgment Debtor or to ASA or other sales intermediary of Four Pillars in relation to the sales of Four Pillars' products to customers in the United States at the time of its answer, at the time of service of the writ, or any time between.[1] (Dkt. 62).

    4.    On or about May 10, 2005, Electro Tape filed an Answer to the Writ stating that the $65,477.06 deposited by it with the Clerk of the Court on December 21, 2004, are the only funds owed by Electro Tape to ASA, or other sales intermediary of Four Pillars, at the time of service of the Writ, at the time of serving its Answer, and at any time between those dates. (Dkt. 63).

    5.    On or about May 12, 2005, Plaintiff provided notice to Four Pillars and ASA of the service of the Writ and the receipt of the Answer, attaching both as an Exhibit. (Dkt. 64). Neither Four Pillars nor ASA has moved to dissolve the Writ. Plaintiff's Motion for Final Judgment on the Pleadings followed on June 6, 2005. Four Pillars, ASA and Electro Tape were served with a copy of the Motion. (See Dkt. 65). No response to the Motion has been filed.

---

[1] The Court notes that a prior Writ of Garnishment was served on Electro Tape requesting that Electro Tape file an answer stating whether it was indebted to the Judgment Debtor, Four Pillars. (Dkt. 8). Electro Tape answered that Writ, stating that it was not indebted to Four Pillars. (Dkt. 11).

**II.     Analysis**

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and Fla. Stat. § 77.083. Rule 12(c) provides, in part, that any party may move for judgment on the pleadings after the pleadings are closed. Judgment on the pleadings is appropriate "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 1303 (11th Cir. 2005)(citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002)). In ruling on such a motion, the Court must view the facts "in the light most favorable to the non-moving party" and can grant the motion only if the non-movant "can prove no set of facts which would allow it to prevail." Id. Fla. Stat. § 77.06 provides that service of a writ makes a garnishee liable for all debts due by him or her to the defendant. Further, Fla. Stat. § 77.083 provides, in part, that:

> [j]udgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer *shall be entered for the amount of his or her liability as disclosed by the answer* or trial. (emphasis added).

Here, pursuant to the December 6, 2004, Order and Permanent Injunction issued by the District Court for the Northern District of Ohio and properly registered in this Court, sales of Four Pillars' products by ASA or any other intermediary to customers in the United States are deemed to be sales directly by Four Pillars and, thus, are subject to execution by Plaintiff. Accordingly, service of the Writ made Electro Tape liable for the $65,477.06 due by it to "the Judgment debtor, ASA, or other sales intermediary of Four Pillars Enterprises Co., Ltd." as disclosed by Electro Tape's Answer to the Writ of Garnishment. Therefore, judgment should be entered against Electro Tape in this amount. Accordingly, the Undersigned recommends that judgment be entered against Electro Tape in the amount of $65,477.06.

Upon consideration of the foregoing, the Undersigned **REPORTS** and **RECOMMENDS** that:

1. Plaintiff's Motion for Final Judgment on the Pleadings Against Garnishee (Dkt. 65) be **GRANTED**; and

2. The Clerk of the Court forward to Plaintiff/Judgment Creditor Avery Dennison Corporation those funds owed by Electro Tape to "the Judgment debtor, ASA, or other sales intermediary of Four Pillars Enterprises Co., Ltd." and deposited in the registry of the Court, minus $100.00 for payment of reasonable attorney's fees, in the total amount of **$65,377.06**, which shall be disbursed and paid by the Clerk to Avery Dennison Corporation c/o Guy Motzer, Squire, Sanders & Dempsey, LLP, 1900 Phillips Point West 777 South Flagler Drive West Palm Beach, Florida 33401-6198; and

3. The Clerk of the Court forward to Electro Tape Specialties, Inc., $100 in full satisfaction of its attorney's fees as authorized pursuant to Fla. Stat. § 77.28 to Electro Tape Specialties, Inc. c/o Mark P. Kelly, Lopez & Kelly, P.A., 4600 W. Cypress Street, Suite 500, Tampa, Florida 33607.

Respectfully **RECOMMENDED** in Tampa, Florida on this 18th day of November, 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record